**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Lori McDowell, on behalf of herself and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CGI Group Inc.,[1] CGI Federal Inc., and Does 1 through 100, inclusive,<br><br>*Defendants*. | Case No.: 1:15-cv-01157-GK<br><br>Judge Gladys Kessler |

**ANSWER OF DEFENDANT CGI FEDERAL
TO THE AMENDED COMPLAINT**

Defendant CGI Federal Inc. ("CGI Federal"), by and through undersigned counsel, answers the Amended Complaint as follows.

On June 1, 2017, the Court ordered that all counts in the Amended Complaint except Count Three be dismissed. CGI Federal accordingly answers only as to the allegations pertaining to Count Three, the sole remaining claim in the case.

**I.    RESPONSE TO SPECIFIC PARAGRAPHS IN THE AMENDED COMPLAINT**

1.   CGI Federal denies the allegations in Paragraph 1, except to admit that: (i) CGI Federal has described itself in a manner consistent with the language quoted in the first sentence of this paragraph; and (ii) the information in the remaining sentences of this paragraph appears in the cited publication.

2.   CGI Federal denies the allegations in Paragraph 2, except to admit that: (i) before the date on which the Plaintiff allegedly applied for a passport, CGI Federal's predecessor

---

[1]   CGI Group Inc. is no longer a party to this case, having been removed from the Amended Complaint, and is included in the caption only to conform to the Court's docket.

1

contractor entered into a contract (the "Passport Contract") with the United States Department of State ("Department of State" or "State Department") to assist in the processing of passport applications; and (ii) the Passport Contract calls for the provision of management, production, and operational personnel.  To the extent Paragraph 2 purports to interpret contractual obligations, CGI Federal states that those allegations are legal conclusions to which no response is required; to the extent a response is required, CGI Federal denies those allegations.

3. CGI Federal denies the allegations in Paragraph 3, except to admit that: (i) the Passport Contract calls for the provision of management, production, and operational personnel in connection with services provided to the Department of State; and (ii) the Passport Contract makes clear that the Privacy Act of 1974 governs the handling of information referred to in this paragraph.

4. CGI Federal denies the allegations in Paragraph 4, except to admit that one former employee of CGI Federal admitted to engaging in criminal behavior for personal gain outside the scope of her employment with CGI Federal by using her cellular phone to photograph a limited number of passport applications.

5. CGI Federal denies the allegations in Paragraph 5, except to state that it is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the circumstances of the alleged criminal use of Plaintiff's personal information and, on that basis, denies those allegations.

6. CGI Federal denies the allegations in Paragraph 6, except to admit that Paragraph 6 purports to describe Plaintiff's civil action.

**JURISDICTION**

7. Paragraph 7 sets forth legal conclusions to which no response is required, but to the extent required, CGI Federal denies the allegations in Paragraph 7, except to state that it is

without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's residency and, on that basis, denies the allegations regarding minimal diversity.

8. CGI Federal denies the allegations in Paragraph 8.

9. CGI Federal denies the allegations in Paragraph 9.

## PARTIES

10. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies them.

11. CGI Federal denies the allegations in Paragraph 11, except to admit that: (i) CGI Federal is a Delaware corporation with an office at 1100 New Jersey Avenue S.E., Suite 800, Washington, DC 20003 and with a principal place of business at 12601 Fair Lakes Circle, Fairfax, Virginia; and (ii) CGI Federal provides certain services to various Passport Agencies of the Department of State, including in Washington, DC.

12. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies them.

13. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the identities of any unnamed "Doe" defendant and, on that basis, denies the allegations in Paragraph 13.

## FACTUAL ALLEGATIONS

### A. PLAINTIFF LORI MCDOWELL'S EXPERIENCE

14. CGI Federal denies the allegations in Paragraph 14, except to state that it is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the circumstances of Plaintiff's passport application and, on that basis, denies those allegations.

15. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's expectations and, on that basis, denies the allegations in Paragraph 15.

16. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies them.

17. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies them.

18. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies them.

19. CGI Federal denies the allegations in Paragraph 19, except to state that it is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding CreditScore.com's notification of Plaintiff and, on that basis, denies those allegations.

20. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies them.

    a. CGI Federal denies the allegations in Subparagraph 20(a), except to state that it is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's payment of money to LifeLock and, on that basis, denies those allegations.

    b. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Subparagraph 20(b) and, on that basis, denies them.

    c. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Subparagraph 20(c) and, on that basis, denies them.

    d. CGI Federal is without sufficient knowledge or information to form a

belief as to the truth of the allegations in Subparagraph 20(d) and, on that basis, denies them.

    e.  CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Subparagraph 20(e) and, on that basis, denies them.

    f.  CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Subparagraph 20(f) and, on that basis, denies them.

    g.  CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Subparagraph 20(g) and, on that basis, denies them.

  **B.**  **Defendant CGI**

  21.  CGI Federal denies the allegations in Paragraph 21, except to admit that: (i) CGI Federal is a wholly-owned indirect subsidiary of non-party CGI Group Inc.; (ii) CGI Federal operates in the United States; and (iii) CGI Federal provides certain services to United States defense, civilian, and intelligence agencies.

  22.  CGI Federal denies the allegations in Paragraph 22, except to admit that the quoted passage appears in an Internet post on ExecutiveBiz.com.

  **C.**  **The Passport Production Facilities**

  23.  CGI Federal denies the allegations in Paragraph 23, except to admit that: (i) CGI Federal provides services to assist the Department of State in its passport application process, including the handling of inquiries, processing of applications, and delivery of passports; (ii) CGI Federal's services support the processing of millions of passport applications each year; and (iii) CGI Federal also provides the Department of State with certain services outside of the United States.

  24.  CGI Federal denies the allegations in Paragraph 24, except to admit that a passport application calls for the information identified in this paragraph.

25. CGI Federal denies the allegations in Paragraph 25, except to admit that the Passport Contract requires certain designated key personnel of CGI Federal to be citizens of the United States and eligible for a secret-level clearance.

26. CGI Federal denies the allegations in Paragraph 26, except to admit that: (i) the information provided in passport applications is maintained under the custody and control of the United States Department of State; and (ii) the handling of the information provided in passport applications is governed by the Privacy Act of 1974.

27. CGI Federal denies the allegations in Paragraph 27, on the basis that information submitted in passport applications is maintained under the Privacy Act of 1974 on Department of State information systems, not on systems owned by CGI Federal or a parent company, but admits that a parent company of CGI Federal provides unrelated information technology services to its private sector customers.

28. CGI Federal denies the allegations in Paragraph 28.

**D.     The Age of Massive Data Breaches**

29. CGI Federal denies the allegations in Paragraph 29, except to state that it is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding unrelated cyber-attacks on other companies that are identified in this paragraph and, on that basis, denies those allegations.

   a. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Subparagraph 29(a) and, on that basis, denies them.

   b. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Subparagraph 29(b) and, on that basis, denies them.

   c. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Subparagraph 29(c) and, on that basis, denies them.

   d. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Subparagraph 29(d) and, on that basis, denies them.

   e. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Subparagraph 29(e) and, on that basis, denies them.

   f. CGI Federal is without sufficient knowledge or information to form a belief as to the truth of the allegations in Subparagraph 29(f) and, on that basis, denies them.

30. CGI Federal denies the allegations in Paragraph 30.

**E.** **The Data Breach**

31. CGI Federal denies the allegations in Paragraph 31, except to admit that one former employee of CGI Federal has admitted to engaging in criminal behavior for personal gain outside the scope of her employment with CGI Federal by using her cellular phone to photograph a limited number of passport applications in the timeframe between 2010 and 2015.

32. CGI Federal denies the allegations in Paragraph 32.

33. CGI Federal denies the allegations in Paragraph 33, on the basis that it is without sufficient knowledge or information to form a belief as to the truth of those allegations, but admits that criminal cases were pursued by the United States Attorney for the Southern District of Texas, including against one former CGI Federal employee.

**F.** **Plaintiffs' Damages**

34. CGI Federal denies the allegations in Paragraph 34.

   a. CGI Federal denies the allegations in Subparagraph 34(a).

   b. CGI Federal denies the allegations in Subparagraph 34(b).

   c. CGI Federal denies the allegations in Subparagraph 34(c).

   d. CGI Federal denies the allegations in Subparagraph 34(d).

   e. CGI Federal denies the allegations in Subparagraph 34(e).

      f.      CGI Federal denies the allegations in Subparagraph 34(f).

      g.      CGI Federal denies the allegations in Subparagraph 34(g).

      h.      CGI Federal denies the allegations in Subparagraph 34(h).

      i.      CGI Federal denies the allegations in Subparagraph 34(i).

## THIS CLASS ACTION

35. CGI Federal denies the allegations in Paragraph 35, except to admit that CGI Federal provides services to the Department of State to assist in the processing of passport applications.

36. CGI Federal denies the allegations in Paragraph 36.

37. CGI Federal denies the allegations in Paragraph 37.

38. CGI Federal denies the allegations in Paragraph 38.

39. CGI Federal denies the allegations in Paragraph 39.

40. CGI Federal denies the allegations in Paragraph 40.

41. CGI Federal denies the allegations in Paragraph 41, except to admit that CGI Group Inc., which is not a party to this case, provides unrelated information technology services to its private sector customers.

42. CGI Federal denies the allegations in Paragraph 42.

## CLASS ALLEGATIONS

43. Paragraph 43 and the unnumbered paragraphs following Paragraph 43 contain a characterization of Plaintiff's Amended Complaint, which speaks for itself and requires no response. To the extent a response is required, CGI Federal denies the allegations in Paragraph 43 and the unnumbered paragraphs following Paragraph 43, except to admit that Plaintiff purports to bring this suit on behalf of a class and purports to define a class as stated in Paragraph 43 and the unnumbered paragraphs following Paragraph 43.

44.     Paragraph 44 and Subparagraphs 44(a)–(f) contain a characterization of Plaintiff's Amended Complaint, which speaks for itself and requires no response.  To the extent a response is required, CGI Federal denies the allegations in Paragraph 44 and Subparagraphs 44(a)–(f), except to admit that Plaintiff purports to define a class as stated in Paragraph 44 and Subparagraphs 44(a)–(f).

45.     Paragraph 45 asserts legal conclusions to which no response is required.  To the extent a response is required, CGI Federal denies the allegations in Paragraph 45.

46.     Paragraph 46 asserts legal conclusions to which no response is required.  To the extent a response is required, CGI Federal denies the allegations in Paragraph 46.

47.     Paragraph 47 and Subparagraphs 47(a)–(j) assert legal conclusions to which no response is required.  To the extent a response is required, CGI Federal denies the allegations in Paragraph 47 and Subparagraphs 47(a)–(j).

48.     Paragraph 48 asserts legal conclusions to which no response is required.  To the extent a response is required, CGI Federal denies the allegations in Paragraph 48.

49.     Paragraph 49 asserts legal conclusions to which no response is required.  To the extent a response is required, CGI Federal denies the allegations in Paragraph 49.

50.     Paragraph 50 asserts legal conclusions to which no response is required.  To the extent a response is required, CGI Federal denies the allegations in Paragraph 50.

51.     Paragraph 51 asserts legal conclusions to which no response is required.  To the extent a response is required, CGI Federal denies the allegations in Paragraph 51.

52.     Paragraph 52 asserts legal conclusions to which no response is required.  To the extent a response is required, CGI Federal denies the allegations in Paragraph 52.

  a. Subparagraphs 52(a) and (a)(i)–(ii) assert legal conclusions to which no response is required. To the extent a response is required, CGI Federal denies the allegations in Subparagraphs 52(a) and (a)(i)–(ii).

  b. Subparagraph 52(b) asserts legal conclusions to which no response is required. To the extent a response is required, CGI Federal denies the allegations in Subparagraph 52(b).

  c. Subparagraphs 52(c) and (c)(i)–(iv) assert legal conclusions to which no response is required. To the extent a response is required, CGI Federal denies the allegations in Subparagraphs 52(c) and (c)(i)–(iv).

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT
**(D.C. Code § 28-3901, *et seq*.)**

53–64. Paragraphs 53 through 64 relate to a Count that was dismissed by the Court on June 1, 2017. No response is required; to the extent that a response is required, CGI Federal denies the allegations in Paragraphs 53 through 64.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

65–72. Paragraphs 65 through 72 relate to a Count that was dismissed by the Court on June 1, 2017. No response is required; to the extent that a response is required, CGI Federal denies the allegations in Paragraphs 65 through 72.

## THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

73. CGI Federal responds to Paragraph 73 by incorporating by reference each and every preceding and succeeding paragraph as though fully set forth herein.

74. CGI Federal denies the allegations in Paragraph 74.

75. CGI Federal denies the allegations in Paragraph 75.

76. CGI Federal denies the allegations in Paragraph 76, except to admit that: (i) CGI Federal contracted with the Department of State to assist in the processing of passport applications; and (ii) the handling of information submitted to the Department of State in passport applications is governed by the Privacy Act of 1974.

    a. CGI Federal denies the allegations in Subparagraph 76(a).

    b. CGI Federal denies the allegations in Subparagraph 76(b), except to admit that: (i) information submitted to the Department of State in passport applications is subject to the Privacy Act of 1974; and (ii) the Passport Contract indicates that CGI Federal is to be treated as an employee of the Department of State for purposes of the Privacy Act of 1974.

77. CGI Federal denies the allegations in Paragraph 77.

## FOURTH CAUSE OF ACTION

### BAILMENT

78–84. Paragraphs 78 through 84 relate to a Count that was dismissed by the Court on June 1, 2017. No response is required; to the extent that a response is required, CGI Federal denies the allegations in Paragraphs 78 through 84.

## FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT

85–92. Paragraphs 85 through 92 relate to a Count that was dismissed by the Court on June 1, 2017. No response is required; to the extent that a response is required, CGI Federal denies the allegations in Paragraphs 85 through 92.

## II.   ADDITIONAL DEFENSES

Without admitting any of the allegations of the Amended Complaint and without admitting or acknowledging that CGI Federal bears any burden of proof as to any of them, CGI Federal asserts the following additional defenses with respect to Count Three, the sole remaining claim in the case.  CGI Federal intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

### First Additional Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Additional Defense

Plaintiff and the class members cannot recover against CGI Federal to the extent that the Amended Complaint and its cause of action are barred by the statute of limitations.

### Third Additional Defense

Plaintiff and the class members cannot recover against CGI Federal to the extent that the Amended Complaint and its cause of action are barred by laches.

### Fourth Additional Defense

Plaintiff and the class members cannot recover against CGI Federal to the extent that the damages alleged were not proximately caused by the acts or omissions of CGI Federal.

### Fifth Additional Defense

Plaintiff and the class members cannot recover against CGI Federal to the extent that the damages alleged were the result of an independent intervening cause.

### Sixth Additional Defense

Plaintiff and the class members cannot recover against CGI Federal to the extent that the damages alleged are speculative or uncertain.

### Seventh Additional Defense

The Amended Complaint fails to the extent that the Plaintiff and the class members lack standing.

### Eighth Additional Defense

Plaintiff and the class members lack standing because they fail to allege that they suffered concrete injury arising from the allegations.

### Ninth Additional Defense

Plaintiff and the class members lack standing to sue for alleged breach of CGI Federal's contract with the Department of State.

### Tenth Additional Defense

The claims of Plaintiff and the class members are preempted by federal law.

### Eleventh Additional Defense

The claims of Plaintiff and the class members are precluded by the remedy afforded in the Privacy Act of 1974.

### Twelfth Additional Defense

CGI Federal is immune to suit.

### Thirteenth Additional Defense

CGI Federal lacks any cognizable relationship with, and owed no cognizable duty to, Plaintiff and the class members.

### Fourteenth Additional Defense

Plaintiff and the class members are not third-party beneficiaries of CGI Federal's contract with the Department of State.

### Fifteenth Additional Defense

CGI Federal did not breach any duty in its contract with the Department of State that was intended to benefit third parties such as Plaintiff and the class members.

### Sixteenth Additional Defense

Plaintiff and the class members did not suffer cognizable losses.

### Seventeenth Additional Defense

Any losses have been satisfied by remedies provided by others, including the Department of State, financial institutions, credit card companies, and participants in the alleged criminal scheme.

### Eighteenth Additional Defense

CGI Federal did not cause any cognizable damage to Plaintiff or the class members and is not responsible for any damages that may have been caused by criminal actions of others, including any such action by a former employee undertaken outside the scope of employment.

### Nineteenth Additional Defense

Intentional criminal acts of others are the intervening causes of any cognizable damage to Plaintiff and the class members.

### Twentieth Additional Defense

The claim in the Amended Complaint is not cognizable as a class action under Federal Rule of Civil Procedure 23.

### Twenty-first Additional Defense

The proposed class is not capable of being certified because individualized issues predominate.

**Twenty-second Additional Defense**

The proposed class should not be certified because a class action is not superior to other methods for fairly and efficiently adjudicating the controversy.

WHEREFORE, CGI Federal requests that this Court:

(1) Dismiss the Amended Complaint with prejudice;

(2) Enter judgment in favor of CGI Federal;

(3) Award CGI Federal its attorney's fees and costs; and

(4) Award CGI Federal such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: June 15, 2017                WILLIAMS & CONNOLLY LLP

By: */s/ F. Greg Bowman*
    Emmet T. Flood (D.C. Bar No. 448110)
    F. Greg Bowman (D.C. Bar No. 486097)
    725 Twelfth Street, N.W.
    Washington, DC 20005
    Telephone: (202) 434-5000
    Facsimile: (202) 434-5029
    eflood@wc.com
    fbowman@wc.com

    *Counsel for CGI Federal Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 15, 2017, the foregoing Answer was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties required to be served.

*/s/ F. Greg Bowman*